UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAMUEL GREISMAN on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

DITECH FINANCIAL LLC F/K/A
GREENTREE & ASSOCIATES, INC.

Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Samuel Greisman seeks redress for the illegal practices of Ditech Financial LLC f/k/a Greentree & Associates, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Washington, Pennsylvania.

-1-

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
        consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
        1692(a)(6).

### *Jurisdiction and Venue*

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
        1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
        transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Samuel Greisman*

10.     Upon information and belief, on a date better known by Defendant, Defendant began to
        attempt to collect an alleged consumer debt from the Plaintiff.

11.     On or about September 14, 2015, Defendant sent the Plaintiff a collection letter seeking
        to collect a balance allegedly incurred for personal purposes.[1]

12.     The September 14, 2015 letter represented the principal balance to be $5000.00 and also
        represented an interest amount of $519.18.

13.     The Defendant mailed a further collection letter on or about October 12, 2015 where the
        interest amount had increased from $519.18 to $561.64.

14.     The Defendant mailed one more letter on or about November 11, 2015 where the
        interest due had increased to $602.74.

15.     Section 1692f of the FDCPA states: "A debt collector may not use unfair or

---

[1] The U.S. Court of Appeals for the Fifth Circuit in Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) concluded a consumer's insurance subrogation claim was still considered as having arisen from "a business transaction where [the consumer] contracted for personal and family services, i.e., some type of service or transaction." Because the court declared the obligation to pay the subrogation claim stemmed from the consumer's original contract.

-2-

unconscionable means to collect or attempt to collect any debt. Without limiting the

general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or
expense incidental to the principal obligation) unless such amount is
expressly authorized by the agreement creating the debt or permitted by
law."

16.    The Defendant was not authorized to charge interest on the said account.

17.    The Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1) and 1692g(1)

for the false representation of the amount of the debt, for false and deceptive means to

collect a debt, for the collection of any amount (including any interest, fee, charge, or

expense incidental to the principal obligation) unless such amount is expressly

authorized by the agreement creating the debt or permitted by law, and for failing to

accurately state the amount of the debt in the September 14, 2015 initial communication.

18.    The said September 14, 2015 further stated: "THIS ACCOUNT MAY BE REPORTED

TO THE CREDIT BUREAU WITHIN 30 DAYS FROM THE FOLLOWING DATE:

9/10/15."

19.    Upon information and belief, the Defendant did not intend to report Plaintiff's account

to the credit bureaus.

20.    The Defendant's said statement that it would report the account to credit bureaus was a

tactic to scare the Plaintiff and the least sophisticated consumer into paying the debt.

21.    Furthermore, the said statement overshadows and contradicts the Plaintiff's thirty-day

validation rights afforded to him under 15 U.S.C. § 1692g of the FDCPA.

22.    15 U.S.C. § 1692g of the FDCPA affords the consumer a complete thirty days to dispute

a debt and obtain verification while the said letter's statement shortens that period.

23.    Defendant's acts as described above were done intentionally with the purpose of

-3-

coercing Plaintiff to pay the alleged debt.

24.  The said statement was a threat to take an action not intended to be taken, in violation of the FDCPA, 15 U.S.C. § 1692e(5).

25.  The said September 14, 2015 letter's statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, for stating false credit information, and for overshadowing and contradicting the Plaintiff's thirty day validation rights in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10) and 1692g.

26.  Said September 14, 2015 letter also stated as follows: "Unless this account or any portion thereof is disputed within 30 days from the receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within 30 day time period we will furnish at your written request, a verification of the debt, or the name and address of the original creditor."

27.  Section 1692g of the FDCPA states: "(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, **if different from the current creditor**." (emphasis added)

28.  Said letter misrepresented Plaintiff's right to dispute the debt.

29.  In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson*, 869 F. 2d at 1225. If a court

finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." *Id.*

30. Defendant failed to send Plaintiff a written notice containing a statement upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, **if different from the current creditor**, in violation of 15 U.S.C. § 1692g(a)(5).

31. Said letter misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(5).

32. Said September 14, 2015 letter states in pertinent part as follows: "WARNING: If paying online by check or credit card there is a fee of $5.00. This fee is the cost of providing these additional payment options to you. By choosing these options you agree to pay this fee, which shall be added to each payment."

33. The notification and collection of the said $5.00 transaction fee is unlawful.[2]

34. Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment online by check or by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

35. In the said October 12, 2015 letter, which was mailed out to the Defendant within thirty days of the Defendant mailing out the September 14, 2015, the Defendant stated: "ACT

---

[2] Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

NOW! CALL 760-489-0637 AND ASK FOR PEGGY PRICE TO DISCUSS REASONABLE ALTERNATIVES."

36. The said statement overshadows and contradicts the Plaintiff's thirty-day validation rights afforded to him under 15 U.S.C. § 1692g in the September 14, 2015 initial communication.

37. The said October 12, 2015 letter also stated: "If suit is filed and a judgment obtained in our favor, you may be held responsible for additional costs which may include attorney fees, court costs, filing fees, and costs of legal service."

38. The Defendant was not authorized to charge such fees and furthermore, the said statement was a threat to take an action not intended to be taken, in violation of the FDCPA, 15 U.S.C. § 1692e(5).

39. The Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692f(1) for the false representation of the amount of the debt, for false and deceptive means to collect a debt and for the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of five classes.

42. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in

substantially the same form as the letters sent to the Plaintiff on or September 14, 2015, October 12, 2015, and November 11, 2015, sent within one year prior to the date of the within complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Elco-Carson; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§1692e(2)(A), 1692e(10), 1692f(1) and 1692g(1) for the false representation of the amount of the debt, for false and deceptive means to collect a debt, for the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, and for failing to accurately state the amount of the debt in the September 14, 2015 initial communication.

43. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about September 14, 2015, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Elco-Carson; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10) and 1692g for a deceptive and misleading representation or means used in connection with the collection of a debt, for stating false credit information, and for overshadowing and contradicting the Plaintiff's thirty day validation rights.

44. Class C consists of all persons whom Defendant's records reflect resided in the State of

New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about September 14, 2015, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Elco-Carson; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(5) for misrepresented Plaintiff's right to dispute the debt.

45. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about September 14, 2015, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Elco-Carson; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payments made online, by check or by credit card.

46. Class E consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about October 12, 2015, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Elco-Carson; and (b) the collection letter was not returned by the postal service as

-8-

undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692f(1) for the false representation of the amount of the debt, for false and deceptive means to collect a debt and for the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

-9-

48.    A class action is superior for the fair and efficient adjudication of the class members'
       claims. Congress specifically envisions class actions as a principal means of enforcing
       the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally
       unsophisticated individuals, whose rights will not be vindicated in the absence of a class
       action. Prosecution of separate actions by individual members of the classes would
       create the risk of inconsistent or varying adjudications resulting in the establishment of
       inconsistent or varying standards for the parties and would not be in the interest of
       judicial economy.

49.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class
       pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50.    Collection attempts, such as those made by the Defendant are to be evaluated by the
       objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt
       Collection Practices Act.

52.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and
       the members of the class are entitled to damages in accordance with the Fair Debt
       Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that
this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);
           And

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
September 28, 2016

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**GREENTREE**
&
ASSOCIATES

PO Box 460700
Escondido CA 92046-0700

**(760) 489-0637**

September 14, 2015

Creditor:          Elco-Carson
Account #:            459
Principal:              $5000.00
Interest:                $519.18
Miscellaneous Charge:    $0.00
**Total Due:            $5519.18**

### WE UNDERSTAND TIMES ARE TOUGH AND WANT TO WORK WITH YOU.

Your account has been assigned to GREENTREE AND ASSOCIATES for collection. All future communication regarding this obligation should be directed to this office.

THIS ACCOUNT MAY BE REPORTED TO THE CREDIT BUREAU WITHIN 30 DAYS FROM THE FOLLOWING DATE:
09/10/15.

    (1) Pay by check or credit card over the telephone call 760-489-0637
    (2) Pay by check or credit card online at www.greentreeandassociates.com
    (3) Call to make arrangements with this office at 760-489-0637.

WARNING: If paying online by check or credit card there is a fee of $5.00. This fee is the cost of providing these additional payment options to you. By choosing either of these options you agree to pay this fee, which shall be added to each payment.

If paying by check please make payable to Greentree and Associates.

Sincerely,

Peggy Price
Account Representative
Phone Number 760-489-0637

Unless this account or any portion thereof is disputed within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within this 30 day time period we will furnish at your written request, a verification of the debt, or the name and address of the original creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

CCOGRNT01R04

***Please Detach Lower Portion and Return With Payment***

PO Box 460700
Escondido CA 92046-0700

ADDRESS SERVICE REQUESTED

| | Account Number | | Exp Date |
|---|---|---|---|
| | | | $ |
| | Card Holder Name | | Pmt Amt |
| | | | / / |
| | Signature of Card Holder | | Date |

September 14, 2015

R04        683178042

Samuel Greisman
436 Crown St
Brooklyn NY 11225-3120

**GREENTREE & ASSOCIATES**
PO Box 460700
Escondido CA 92046-0700

Creditor:    Elco-Carson
Account #:          459
Total Due: $5519.18

PO Box 460700
Escondido CA 92046-0700

ADDRESS SERVICE REQUESTED



**GREENTREE & ASSOCIATES**
(760) 489-0637

**GREENTREE & ASSOCIATES**
PO Box 460700
Escondido CA 92046-0700

R71     704899913

Samuel Greisman
436 Crown St
Brooklyn NY 11225-3120

| | |
|---|---|
| Account Number | Exp Date |
| Card Holder Name | Pmt Amt |
| Signature of Card Holder | Date |

| Date | Account # | Total Due |
|---|---|---|
| 10/12/2015 | 459 | $$5561.64 |

Past Due Balance

***Detach Upper Portion and Return with Payment***

| | |
|---|---|
| Our Client: | Elco-Carson |
| Your Acct #: | 459 |
| Date of Loss: | 08/28/14 |
| Principal: | $$5000.00 |
| Interest: | $$561.64 |
| Other: | $$0.00 |
| Balance Due: | $$5561.64 |

## NOTICE OF INTENTION

This is to inform you that we intend to:
1) Complete our ASSET INFORMATION RESEARCH which may include the following:
    a.  Verify employment and garnishable wages;
    b.  Verify of real property;
    c.  Confirmation of any other assets that can be legally attached after judgment.
2) We may recommend to our client that suit is warranted.
3) If suit is filed and a judgment obtained in our favor, you may be held responsible for additional costs which may include attorney fees, court costs, filing fees, and costs of legal service.
4) Upon receipt of a judgment our attorney may begin execution on all assets legally attachable.

ACT NOW!  CALL 760-489-0637 AND ASK FOR PEGGY PRICE TO DISCUSS REASONABLE ALTERNATIVES.

STOP ALL COLLECTION ACTIVITY:
____ I am enclosing payment in full
____ I need to discuss
____ My phone number is (_____) _____

WE ACCEPT VISA, MASTERCARD, AND AMERICAN EXPRESS.

Now pay your account online at www.greentreeandassociates.com.

This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose.

Sincerely,
Peggy Price
Account Representative
Phone Number 760-489-0637
1COGRNT01R71

**GREENTREE & ASSOCIATES ♦ PO Box 460700 ♦ Escondido CA 92046-0700 ♦Telephone: (760) 489-0637**

PO Box 460700
Escondido CA 92046-0700

ADDRESS SERVICE REQUESTED

**GREENTREE & ASSOCIATES**

(760) 489-0637

**GREENTREE & ASSOCIATES**
PO Box 460700
Escondido CA 92046-0700

R74    730664474

Samuel Greisman
436 Crown St
Brooklyn NY 11225-3120

| | Account Number | Exp Date |
|---|---|---|
| Cards | Card Holder Name | Pmt Amt |
| | Signature of Card Holder | Date |

| Date | Account # | Total Due |
|---|---|---|
| 11/11/2015 | 459 | $5602.74 |

**Past Due Balance**

\*\*\*Detach Upper Portion and Return with Payment\*\*\*

Our Client:          Elco-Carson
Your Acct #:          459
Date of Loss:  08/28/14
Principal:          $5000.00
Interest:          $602.74
Collection Fees:          $0.00
Balance Due:          $5602.74

FINAL NOTICE

We wish to offer you the opportunity to resolve this matter with a monthly payment arrangement.

If you wish to take advantage of this opportunity, fill in the blanks below and return this letter to our office with your payment.

Keep in mind your proposed payment plan may be accepted or rejected by this office depending on information known to us about your financial situation and other factors. Below you will find a suggested MINIMUM amount acceptable for monthly payments.

On balances above $2,000, or if you are unable to meet the minimum payment,
CALL (760) 489-0637 TODAY AND ASK FOR PEGGY PRICE TO DISCUSS ALTERNATIVES.

**> > > DON'T LET YOURSELF DOWN!  TAKE ADVANTAGE OF THIS OFFER NOW! < < <**

I promise to pay $ _____ on the _____ of each month at the annual interest rate of 10%.

Signature: _____    Date: ____ / ____ / ____

WE ACCEPT VISA, MASTERCARD, AND AMERICAN EXPRESS.

This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose

Sincerely,
Peggy Price
Account Representative
Phone Number 760-489-0637 ext. 228

| SUGGESTED MINIMUM PAYMENT AMOUNTS: | |
|---|---|
| Balance | Monthly Payment |
| $0 - $500 | $50.00 |
| $500 - $1,000 | $100.00 |
| $1,000 - $1,500 | $150.00 |
| $1,500 - $2,000 | $200.00 |

Now pay your account online at www.greentreeandassociates.com.
1CCGRNT01R74

**GREENTREE & ASSOCIATES ♦ PO Box 460700 ♦ Escondido CA 92046-0700 ♦Telephone: (760) 489-0637**