```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SAMUEL GREISMAN, on behalf of himself and other   :
similarly situated consumers,                     :
                                                  :    ORDER
                              Plaintiff,          :    16-CV-5754 (WFK) (SMG)
                                                  :
        -against-                                 :
                                                  :
GREENTREE & ASSOCIATES, INC.,                     :
                                                  :
                              Defendant.          :
------------------------------------------------------------------- x
```
GOLD, STEVEN M., U.S. Magistrate Judge:

Plaintiff filed an amended complaint in this action on November 24, 2016. Docket Entry 5. By letter motion dated February 9, 2017, plaintiff represented that he would effectuate service within ten days, and sought to adjourn an initial conference I had scheduled for February 13, 2017. Docket Entry 9. I granted plaintiff's application by Order dated February 10, 2017, and rescheduled the initial conference for May 3, 2017.

Plaintiff made no further application to the Court until May 3, 2017. On that date, plaintiff submitted a letter reporting difficulty serving the defendant and seeking leave to serve the California Secretary of State. Docket Entry 10.

Plaintiff did not support his application with an affidavit or memorandum of law. As a result, the Court had no way of knowing the rule plaintiff sought to invoke as the basis for serving the California Secretary of State in lieu of the defendant, or—assuming plaintiff was relying upon Federal Rule of Civil Procedure 4(h)(1)(B)—why it was appropriate to conclude that defendant had designated the California Secretary of State as its agent for service of process. Plaintiff also did not explain his failure to seek relief from the Court earlier, or his basis for contending that it was proper, after representing that service would be made by February 19,

2017, to first seek additional time to serve on May 3, 2017, well more than 90 days after the amended complaint was filed. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action"). For these reasons, I responded to plaintiff's application by issuing an Order providing as follows:

> If plaintiff requires leave of Court to serve defendant in a particular manner, he may file a formal motion seeking leave to do so. Otherwise, plaintiff shall serve defendant in the manner he believes is proper, and shall advise the Court of the status of service by letter submitted no later than June 9, 2017.

Order dated May 4, 2017.

Plaintiff, however, did not submit a formal motion as directed by the Court. Instead, on June 9, 2017, plaintiff filed a three-sentence letter stating that he has been unable to serve defendant and again seeking leave, without any further explanation, to serve the California Secretary of State. Docket Entry 11

Plaintiff's time to submit a formal motion—one supported by a memorandum of law that sets forth the relevant rules of procedure and case law upon which he relies, and by one or more affidavits and exhibits that establish the pertinent facts—is extended to June 19, 2017. The memorandum and affidavits shall explain in detail the basis for plaintiff's assertions that the Court should permit service upon the California Secretary of State in lieu of the defendant, and that the Court should permit service to be made in any manner at this late date. Failure to comply will result in a recommendation that this case be dismissed.

SO ORDERED.

_____/s/_____

STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 12, 2017
*U:\Greisman v. Ditech Financial (16cv5754) (WFK).docx*